UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAI CHONG YANG,

                              Plaintiff,

                -against-

CHEE RAY, LLC,

                              Defendant.

1:21-CV-1389 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Kai Chong Yang, a citizen of China whose address of record is in North

Arlington, New Jersey, appears *pro se* and sues Chee Ray, LLC, which Yang alleges is located in

Newark, Delaware, and is incorporated and has its principal place of business in Delaware.[1]

Yang invokes the Court's diversity jurisdiction, but it appears that Yang asserts claims of

copyright or trademark infringement under the Court's federal-question jurisdiction. For the

following reasons, the Court transfers this action to the United States District Court for the

District of Delaware.

Claims of trademark infringement must be brought in a federal district court in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), a "natural person" resides in the judicial district

where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

---

[1] The Court has not received the relevant fees or an application to proceed *in forma pauperis* from Yang.

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2). With respect to claims "relating to copyrights or exclusive rights in mask works or designs[,] [such claims] may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).

Yang alleges that the defendant is located in Newark, Delaware, but does not allege any facts stating where a substantial part of the events or omissions giving rise to the claims occurred. Because Yang does not allege that the defendant resides in this judicial district or that a substantial part of the events or omissions giving rise to the claims arose in this judicial district, this Court is not a proper venue for Yang's claims of trademark infringement under § 1391(b).[2] And because Yang does not allege that the defendant or the defendant's agent resides or is found within this judicial district, this Court is not a proper venue for Yang's claims of copyright infringement under § 1400(a). Because the defendant is located in Delaware, the proper venue for this action is the United States District Court for the District of Delaware. *See* 28 U.S.C. §§ 87, 1391(b), 1400(a). The Court therefore transfers this action to that court. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Yang has consented to electronic service of court documents. (ECF 2.) The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Delaware. Whether Yang should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

---

[2] This judicial district – the Southern District of New York – is comprised of the following New York State counties: New York (Borough of Manhattan), Bronx, (Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 18, 2021
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

3